IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRIS A. and EDWINA A. ROYBAL,

    Plaintiffs,

vs.                                                                                                      No. CIV 05-0331 JB/LFG

LOS ALAMOS NATIONAL BANK,
ALLSTATE INSURANCE COMPANY,
DENNIS RIVERA, and VALLEY
ABSTRACT AND TITLE CO., INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs Chris and Edwina Roybals' Motion to Remand for Lack of Subject Matter Jurisdiction, filed May 19, 2005 (Doc. 16). The primary issue is whether a state-law claim against an insurance company for failure to obtain flood insurance invokes the Court's federal question jurisdiction. Because such a case does not confer on the Court federal question jurisdiction under 28 U.S.C. § 1331, and because the Court does not have original exclusive jurisdiction under 42 U.S.C. § 4072, the Court does not have subject matter jurisdiction over this case; accordingly, it will grant Chris and Edwina Roybals ("Roybals") motion to remand and will remand the case and all claims to the First Judicial District, County of Rio Arriba, State of New Mexico.

## FACTS

The Roybals have owned and occupied a residence in Espanola, New Mexico since 1982. See Complaint ¶ 6, at 2. The residence is located in an area with special flood hazards as defined by the Federal Emergency Management Agency ("FEMA"). See id. ¶ 8, at 2. On or about August 20,

2003, the Roybals refinanced their residence with a loan from Defendant Los Alamos National Bank ("LANB"). See id. ¶ 10, at 2.

At the closing, which was held at Defendant Valley Abstract's office, LANB required the Roybals to execute, among other documents, a notice of special flood hazards, a settlement statement, and an initial escrow account disclosure statement. See id. ¶¶ 11-12, at 2. The settlement statement lists a charge of $417.00 for "Flood Insurance Premium for 1 yrs to Allstate Flood Insurance." Settlement Statement at 1 (dated August 20, 2003); Complaint ¶ 13, at 2. The initial escrow account disclosure statement contains an anticipated premium of $417.00 for flood insurance in August 2004. See Initial Escrow Account Disclosure Statement at 1 (dated August 20, 2003); Complaint ¶ 14, at 3.

At the closing, Defendant Allstate Insurance Company ("Allstate"), a Write-Your-Own Program Carrier ("WYO") participating in the United States' Nation Flood Insurance Program ("NFIP"), presented the Roybals with a certificate of proof of application for flood insurance. See Certificate of Proof of Application for Flood Insurance at 1 (dated August 19, 2003).[1] Without flood insurance, LANB could not make the loan to the Roybals to finance the property. See Complaint ¶

---

[1] As Allstate highlights in its brief opposing remand, the certificate attached to the Roybals' Complaint is different than the Certificate provided by the Roybals in conjunction with their motion to remand. The latter indicates that "the required premium has been remitted to the Allstate insurance company." Certificate of Proof of Application for Flood Insurance at 1 (dated August 19, 2003). The certificate attached to the Roybals' Complaint, however, states that "the required premium will be paid at the loan closing." Certificate of Proof of Application for Flood Insurance at 1 (dated August 19, 2003). In their Reply, the Roybals do not explain the presence of, and inconsistencies between, the two certificates. Instead, the Roybals focus their argument on that neither certificate mentions the National Flood Insurance Act or any Standard Flood Insurance Policy ("SFIP"). The Court need not address the two certificates at length, however, because it is not in dispute that Allstate did not issue a SFIP. When and if the Roybals or another party remitted payment to Allstate will be an issue for the state court to resolve on remand.

14, at 3.

On or about August 5, 2004, a thunderstorm with torrential rains struck the Espanola area, causing a rapid accumulation of water and runoff. See id. ¶ 19, at 3. This flooding caused damage to the Roybals' residence, driveway, patios, and wall surrounding the property. See id. ¶ 20, at 3. According to the Roybals, the flooding caused by the rainstorm constituted a "flood" as defined by the NFIP. See id. ¶ 20, at 3.

In the Complaint, the Roybals allege that Allstate and Defendant Dennis Rivera never applied for, and that Allstate never procured, a flood insurance policy. See id. ¶ 24, 44, at 4, 6. The Roybals also contend that "Valley Abstract did not tender the flood insurance premium payment of $417.00 to Allstate or to any agent or entity of Allstate Insurance." Id. ¶ 52, at 7. Moreover, the Roybals maintain that "LANB had a duty to procure flood insurance at the [Roybals'] expense if [the Roybals] failed to do so for any reason." Id. ¶ 55, at 7.[2] The Roybals further assert that, because no policy was procured, a fact of which neither Rivera nor Allstate informed the Roybals, they were not reimbursed for the damage incurred to their property. See id. ¶ 24, 27-28, 34, 39, 45, at 3-6. In support of this contention, the Roybals allege that the sustained damages would have been recoverable under a flood insurance policy, had one been procured. See id. ¶ 38, at 5. The Roybals maintain that "[e]ach of the defendants blames one or more of the other defendants for the failure to procure flood insurance, while disclaiming responsibility for said failure." Id. ¶ 63, at 8.

The Roybals maintain that, "[o]n August 17, 2004, [they] formally presented a written claim for the damages to all the defendants named herein," Complaint ¶ 25, at 4, but that Allstate and

---

[2] Each of the counts contains an incorporation clause which incorporates the preceding paragraphs and counts.

Valley Abstract had not responded to this claim for damages, see id. ¶ 26, at 4.

The Roybals bring eight counts: (i) negligent failure to procure or provide insurance against Rivera and Allstate; (ii) negligent misrepresentation against Rivera and Allstate; (iii) breach of contract/negligent failure to tender premium against Valley Abstract; (iv) failure to procure flood insurance against LANB; (v) *res ipsa loquitur* against all Defendants; (vi) unfair trade practices against Rivera and Allstate; (vii) unfair trade practices against Valley Abstract; and (viii) insurance bad faith against Rivera and Allstate. See id. ¶¶ 29-88, at 4-11. In Count VIII, the Roybals allege that Rivera and Allstate denied their "claim for insurance proceeds due to damage to the [p]roperty cause by flood," which constituted a "bad faith denial" of their claim. See id. ¶¶ 86, 88, at 10-11. Each count contains an incorporation clause which incorporates the preceding paragraphs and counts.

On March 28, 2005, Allstate, with the consent of the other Defendants, removed this action from state to federal court. See Doc. No. 1. Allstate asserts that this Court has original exclusive subject matter jurisdiction under 42 U.S.C. § 4072, or, in the alternative, that this Court has federal question jurisdiction under 28 U.S.C. § 1331.

## LAW REGARDING REMOVAL

"Under 28 U.S.C. § 1441 a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally." Topeka Hous. Auth. v. Johnson, 404 F.3d 1245, 1247 (10th Cir. 2005)(citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). "One category of cases over which the district courts have original jurisdiction are 'federal question' cases; that is, those cases 'arising under the Constitution, laws, or treaties of the United States.'" Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987)(quoting 28 U.S.C. § 1331). "It is long settled law that a cause of action arises under federal law only when the

plaintiff's well-pleaded complaint raises issues of federal law." Id.

Thus, federal question jurisdiction exists when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). "The court may look beyond the naked allegations of the complaint to determine whether the claim is controlled by federal law." Prairie Band of the Pottawatomie Tribe of Indians v. Puckkee, 321 F.2d 767, 770 (10th Cir. 1963). "[T]he propriety of removal is judged on the complaint as it stands at the time of the removal." Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1488 (10th Cir. 1991).

A defendant may not base federal jurisdiction on an anticipated or an inevitable defense, but instead must establish that a federal right is an essential element of the plaintiff's cause of action. See Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986)("A defense that raises a federal question is inadequate to confer federal jurisdiction."); Gully v. First Nat'l Bank, 299 U.S. 109, 111 (1936). Thus, "[t]he general rule is that a federal defense, even one relying on the preclusive effect of a federal statute, is not enough to authorize removal to federal court." Felix v. Lucent Technologies, Inc., 387 F.3d 1146, 1154 (10th Cir. 2004), *cert. denied*, No. 04-994, 2005 WL 192205 (U.S. June 27, 2005)(citing Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003)). "However, the Supreme Court has recognized an exception or 'independent corollary' to the well-pleaded complaint rule known as the 'complete pre-emption' doctrine." Id. "[A] plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint . . . . [I]f a federal cause of action completely preempts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." Franchise Tax Bd. v.

Constr. Laborers Vacation Trust, 463 U.S. at 22, 24.  See Aaron v. Nat'l Union Fire Ins. Co., 876 F.2d 1157, 1161 (5th Cir. 1989)("[F]ederal law can so completely preempt a field of state law that the plaintiff's complaint must be recharacterized as stating a federal cause of action.")(citing Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557 (1968)).

"Federal removal jurisdiction is statutory in nature and is to be strictly construed." Archuleta v. Lacuesta, 131 F.3d 1359, 1370 (10th Cir. 1997)(citing Shamrock Oil & Gas v. Sheets, 313 U.S. 100, 108 (1941)).  "[A]ll doubts are to be resolved against removal."  Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982).  "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."  Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002).

## LAW REGARDING THE NATIONAL FLOOD INSURANCE PROGRAM

"The National Flood Insurance Act of 1968 established a national flood insurance program that enables property owners to purchase insurance against flood risks at a reasonable rate." Hanover Bldg. Materials, Inc. v. Guiffrida, 748 F.2d 1011, 1012 (5th Cir. 1984).  The United State Court of Appeals for the Fifth Circuit described the NFIP as follows:

> The National Flood Insurance Act of 1968 (NFIA), 42 U.S.C. §§ 4001-129, established the NFIP.  Initially, the program operated primarily through a pool of private insurers under the supervision of and with financial support from the Department of Housing and Urban Development.  In 1977, pursuant to 42 U.S.C. § 4071, the Secretary of [Housing and Urban Development] ["]HUD["] terminated that arrangement and made FEMA principally responsible for its operation.  *See generally Berger v. Pierce*, 933 F.2d 393 (6th Cir.1991).  FEMA by regulation promulgated the SFIP, and provided for marketing and claims adjustment by private insurers operating as WYO companies.  Those companies issue SFIPs in their own names, *see* 44 C.F.R. §§ 61.13(f), 62.23(a), collecting premiums in segregated accounts from which they pay claims and make necessary refunds under those policies.  44 C.F.R. Pt. 62, App. A, Arts. II(E), III(D), III(E).  In the absence of sufficient funds in the segregated accounts, WYO companies pay claims and make refunds by drawing on FEMA letters of credit.  *See* 44 C.F.R. Pt. 62, App. A, Art. IV.  They may not alter the terms of the SFIP as dictated by FEMA, *see* 44 C.F.R. § 62.23(c).  They receive a portion of the

premises collected as reimbursement for expenses incurred as a result of their NFIP participation. *See* 44 C.F.R. Pt. 62, App. A, Arts. III(B), III(C).

Spence v. Omaha Indem. Ins. Co., 996 F.2d 793, 794 n.1 (5th Cir. 1993). Federal common law, rather than state contract law, governs SFIP interpretation. Newton v. Capital Assurance Co., 245 F.3d 1306, 1309 (11th Cir. 2001); West v. Harris, 573 F.2d 873, 880-82 (5th Cir. 1978). "Thus, a complaint alleging breach of a[] SFIP satisfies § 1331 by raising a substantial federal question on its face." Newton v. Capital Assurance Co., 245 F.3d at 1309.

42 U.S.C. § 4072 provides that, under the NFIP,

> the Director shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Director of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, may institute an action against the Director on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

42 U.S.C. § 4072.[3] *See* 42 U.S.C. § 4003(a)(6)(defining "Director"). The United States Court of

---

[3] In 2000, FEMA amended its regulations, recognizing that:

> [T]here is a need for uniformity in the interpretation of and standards applicable to the policies and their administration. Therefore, we have clarified the policy language pertaining to jurisdiction, venue and applicable law to emphasize that matters pertaining to the Standard Flood Insurance Policy, including issues relating to and arising out of claims handling, must be heard in Federal court and are governed exclusively by Federal law.

65 Fed. Reg. 60758, 60767 (2000). FEMA issued the following SFIP articles:

> You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. If you do sue, . . . you must file the suit in the United States District Court of the district in which the covered property was located at the time of loss. This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any

Appeals for the Third Circuit, in <u>Van Holt v. Liberty Mut. Fire Ins. Co.</u>, 163 F.3d 161 (3d. Cir. 1998), held that, although "the plain text appears to restrict the reach of § 4072 to suits against FEMA[,] . . . a suit against a WYO company is the functional equivalent of a suit against FEMA." <u>Id.</u> at 166. Thus, the Fifth Circuit held that "42 U.S.C. § 4072 vests district courts with original exclusive jurisdiction over suits by claimants against WYO companies based on partial or total disallowance of claims for insurance arising out of the National Flood Insurance Act." <u>Id.</u> at 167. Accord <u>Gibson v. Am. Bankers Ins. Co.</u>, 289 F.3d 943, 947 (6th Cir. 2002)("We adopt the Third Circuit's reasoning and hold that § 4072 provides exclusive subject matter jurisdiction over suits against a WYO insurance company arising out of a disputed flood insurance claim."). At least one other circuit court, the United States Court of Appeals for the Fourth Circuit, however, declined to address whether § 4072 applies to suits against WYOs as well as FEMA's director and instead rested its holding on that the district court had subject matter jurisdiction under 28 U.S.C. § 1331. See <u>Battle v. Seibels Bruce Ins. Co.</u>, 288 F.3d 596, 606 (4th Cir. 2002)("We need not tackle the difficult statutory construction question [of whether § 4072 applies to suits against WYO companies] because the district court clearly possessed subject matter jurisdiction . . . pursuant to 28 U.S.C. § 1331.").

In <u>Battle v. Seibels Bruce Ins. Co.</u>, a homeowner purchased a flood insurance policy under

---

claim under the policy.

<u>Id.</u> at 60776; 44 C.F.R. Pt. 61, App. A(1), Art. 7(R).

> This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, et seq.), and Federal common law.

65 Fed. Reg. 60758, 60793; 44 C.F.R. Pt. 61, App. A(3), Art. 10.

the NFIP. See 288 F.3d at 598. In 1996, the insured submitted two claims alleging flood damage from Hurricanes Bertha and Fran. See id. at 600. The WYO company informed the insured that his SFIP did not cover his claim for the damage resulting from Hurricane Bertha and that his SFIP only covered a portion of the damage caused by Hurricane Fran. See id. at 600-01. The insured brought suit in state court, alleging, among other things, breach of contract, breach of the implied covenant of good faith and fair dealing, and conversion. See id. at 601-02. The defendants removed the case to federal court under § 4072 and § 1331, to which the insured did not object. See id. at 602. The district court granted summary judgment in the defendants' favor on the breach of contract claim and remanded the remaining two claims to state court under 28 U.S.C. § 1367(c)(3). See id. Both parties filed cross-appeals, and the Fourth Circuit affirmed the district court's ruling granting summary judgment on the breach of contract claim against two of the defendants. See id. at 603-05.

The Fourth Circuit, however, reversed the district court's remand of the remaining claims -- the breach of the implied covenant of good faith and fair dealing and conversion -- to state court. In so holding, the Fourth Circuit disagreed with the district court's conclusion that neither of these claims involved a federal question. On the covenant of good faith and fair dealing claim, the insured alleged that, in the handling his two SFIP claims, the WYO breached its covenant by refusing to settle the two claims in good faith, by not acknowledging damage estimates relating to the two claims, and by not assigning qualified agents to estimate the amount of property damage. With the conversion claim, the insured contended the WYO wrongfully asserted dominion and control over money owed to him under his SFIP. The Fourth Circuit held that the insured's "right to relief under either claim necessarily depends on resolution of a substantial question of federal law." Id. at 607 (internal quotations omitted). The Fourth Circuit noted that "federal common law *alone* governs the

interpretation of insurance policies issued pursuant to the NFIP[,]" and, citing the 2000 amendment, highlighted that federal law governs SFIPs. Id. at 607-08. Thus, the Fourth Circuit concluded that the insured's "claim alleging breach of the implied covenant of good faith and fair dealing raises the federal question of whether federal common law implies, as part of a SFIP, a covenant of good faith and fair dealing on the part of a WYO company towards its insured." Id. at 608. The Fourth Circuit also held that the conversion claim involved a substantial federal question, concluding that it "is essentially a breach of contract claim with respect to [the insured's] SFIP, which claim . . . is governed solely by federal law." Id.

## ANALYSIS

Because the Roybals' well-pleaded complaint does not include a federal question and because the state law claims do not necessarily require the resolution of a substantial question of federal law, the Court does not have subject matter jurisdiction under 28 U.S.C. § 1331. Moreover, the Court does not have original exclusive jurisdiction under 42 U.S.C. § 4072, because there is no SFIP at issue under which the Roybals could make a claim for damages or could challenge the denial of an award. Accordingly, this Court lacks subject matter jurisdiction and will remand the case and all claims to the First Judicial District, County of Rio Arriba, State of New Mexico.

**I.    THE COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1331.**

Because there is no federal question on the face of the Roybals' well-pleaded complaint and because the resolution of their state law claims does not implicate the resolution of a substantial federal question, the state law tort claims do not "arise under" federal law and, thus, the Court does not have subject matter jurisdiction under 28 U.S.C. § 1331.

### A. ALLSTATE DID NOT PROCURE A SFIP ON THE ROYBALS' PROPERTY.

Central to this Court's conclusion that it lacks subject matter jurisdiction over the Roybals' case is that no SFIP was issued under the NFIP. Allstate, in its Answer, denied the allegation that no flood insurance policy was issued "for lack of sufficient information or knowledge to justify a belief therein." Allstate's Answer and Affirmative Defenses at 5. In Rivera's answer, however, he admits that he did not procure or provide flood insurance on the property, but avers that he is without knowledge or sufficient information whether Allstate similarly did not procure or provide a policy. See Defendant Dennis Rivera's Answer to Complaint for Damages ¶ 11, at 2. And Allstate is careful to never state it purchased a policy. As the WYO, Allstate is in the position to know whether it issued a SFIP. Instead, it argues that the Roybals are alleging that Allstate should have procured a policy. In its notice of removal, Allstate further asserts: "On the face of the [Roybals'] Complaint, the [Roybals] are necessarily asserting that there is a Standard Flood Insurance Policy at issue [that was] issued by and through Allstate in this matter for which they are entitled to recover benefits against Allstate." Notice of Removal at 6. Moreover, the Court disagrees with Allstate's characterization of the Roybals' Complaint. It is difficult to fairly read the Roybals' Complaint as alleging that Allstate issued a policy. Repeatedly, the Roybals allege that Allstate did not secure a policy. See Complaint at ¶¶ 23, 33, 64, 71, 72, at 2, 8, 9. Despite these representations and although Allstate at no point, in the record before the Court, expressly admits that it did not issue a SFIP to the Roybals, their arguments in favor of removal and in opposition to remand all but make such an admission. See, e.g., Memorandum in Opposition to the Plaintiff's Motion to Remand at 18 ("Somehow, [the Roybals] want state law to apply and to punish Allstate for Allstate not issuing a[] SFIP when the federal law did not allow Allstate to issue a[] SFIP."). Allstate's argument in support

of removal concentrates on the failure to procure, averring that, without looking at federal law, it is not possible to discern whether Allstate owed a duty to the Roybals to procure a SFIP. Allstate also maintains that the Court cannot resolve the Roybals' contention that the alleged damages would have been covered under a SFIP without looking to federal law and determining what damages would be allowed pursuant to a SFIP.

Indeed, in its notice of removal, Allstate acknowledged the Roybals' contention "that '[n]o flood insurance was provided or procured to cover the [p]roperty.'" Notice of Removal at 3 (quoting Complaint ¶ 23, at 4). Because all doubts are resolved against removal, because Allstate does not contend it secured a policy, and because the Roybals' complaint maintains that there was no SFIP issued -- a fact which Allstate acknowledged in its notice of removal -- the Court must assume on the record before it that Allstate did not procure a SFIP on the Roybal's property. Thus, the Court must determine whether subject matter jurisdiction exists based on the allegations arising out of the Roybals' failure to procure claim.

**B.    THE ROYBALS SEEK DAMAGES FOR THE FAILURE TO PROCURE AND NOT FOR THE DENIAL OF ANY CLAIM BASED ON A SFIP.**

In its notice of removal, Allstate maintains that the Roybals' "Complaint for damages concerns the lack of a payment of U.S. Treasury benefits by Allstate Insurance Company under a National Flood Insurance Program ('NFIP') Standard Flood Insurance Policy ('SFIP')." Notice of Removal at 2. The Roybals, however, are not alleging that Allstate was required to pay federal funds to cover the flood damage or that Allstate wrongfully denied any claim they may have asserted under a SFIP. Instead, a fair reading of the Complaint is that the Roybals seek damages arising out of the Defendants' failure to procure a SFIP.

Thus, the Roybals seek damages, not arising out of a SFIP, but based on not having procured a SFIP under which federal funds would have reimbursed them for the cost of the flood damage. There is nothing before the Court indicating that, if any of the state law claims are sustained against any of the Defendants, federal funds will be paid. Allstate has not educated the Court how, given that it did not issue a SFIP, the Roybals' claims would implicate federal funds. See, e.g., Van Holt v. Liberty Mutual Fire Ins. Co., 163 F.3d at 167 (noting as part of its conclusion that the district court had jurisdiction under § 4072: "Most importantly, federal funds are at stake in this suit"); Powers v. Autin-Gettys-Cohen Ins. Agency, Inc., No. CIV. A. 00-1821, 2000 WL 1593401, at *4 (E.D. La. Oct. 24, 2000)("[I]t has not been demonstrated to the court that federal funds would be implicated in any way.").

Nevertheless, Allstate emphasizes its decision to not implicate federal funds to satisfy the Roybals' damage claim and focuses on whether it had a duty to procure a SFIP on the Roybals' property. On this issue, Allstate contends that, to know whether such a duty existed and, if so, if Allstate breached that duty, a court must interpret federal law. The Supreme Court, however, has clarified that a court must evaluate the federal interest at issue in determining whether the interpretation of federal law involves a substantial federal question. See Merrell Dow Pharm. Inc. v. Thompson, 478 U.S at 814 n.12 ("[T]he violation of the federal standard as an element of state tort recovery did not fundamentally change the state tort nature of the action."). In this case, the state court may have to interpret federal law in resolving whether Allstate owed a legal duty to the Roybals to procure the SFIP. Likewise, examining the scope of SFIP coverage may be relevant to the amount the Roybals would have been paid if a SFIP had been procured. Determination of these questions do not, however, involve a substantial question of federal law; instead, they constitute, at most, an

-13-

element of the Roybals' state law claims.[4]

Federal question jurisdiction must be established on the face of a well-pleaded complaint; it cannot be asserted in a possible, or even inevitable, defense.[5] See Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. at 808. Here, Allstate suggests that it will rely on the federal statutory scheme to support its contention that it could not issue a SFIP under the circumstances. This possible defense, however, is insufficient to establish federal question jurisdiction because it does not establish that a substantial federal question must be resolved or is an essential element of the Roybals' state law claims. Instead, it is a defense which Allstate may raise in the state court during the disposition of the case.

Allstate also relies on count VIII of the Roybals' Complaint, in which they allege insurance bad faith against Rivera and Allstate, to support its assertion that this Court has jurisdiction in this case. Although Allstate discusses this count in relation to exclusive jurisdiction under § 4072, it is nevertheless relevant to whether the Roybals allege the wrongful denial of a claim under a SFIP. If so, the interpretation of a SFIP may be a matter of federal common law, and, accordingly, a federal question may exist. Allstate urges the Court to consider count VIII, in which the Roybals allege that Rivera and Allstate acted in bad faith in denying their claim for insurance proceeds, an "assertion in their Complaint of a denial of a claim for benefits under a SFIP against Allstate." Memorandum in

---

[4] Despite an expansive search of the case law, the Court could not locate any case, circuit court or otherwise, which involved the situation in which there was no SFIP purchased. Instead, the case law addresses primarily whether state law tort claims -- arising out of the procurement process or during the claims handling process -- conferred federal subject matter jurisdiction over a matter in which a WYO issued a SFIP.

[5] In its Memorandum in Opposition to the Plaintiff's Motion to Remand, Allstate clarifies that it "is not and did not rely upon preemption as the basis for the removal." Id. at 20.

Opposition to the Plaintiffs' Motion to Remand at 12. This Court, however, must strictly construe removal jurisdiction and resolve all doubts against removal. See Archuleta v. Lacuesta, 131 F.3d at 1370; Fajen v. Found. Reserve Ins. Co., 683 F.2d at 333. As discussed, however, Allstate does not dispute that it did not procure a SFIP on the Roybals' property. Moreover, paragraph 85 incorporates paragraphs 23, 33, 64, 71, 72, which expressly contend that Allstate did not procure a policy. With these allegations incorporated in Count VIII, and construing all doubts against removal, this Court cannot fairly conclude that the Roybals are challenging the denial of a SFIP claim. Thus, count VIII does not state a claim upon which this Court has federal question jurisdiction.

This case is inapposite to the Fourth Circuit's decision in Battle v. Seibels Bruce Insurance Co. In that case, the plaintiff, a SFIP holder, sued to challenge the recovery offered to him under his SFIP policy. In holding that the covenant of good faith and fair dealing and the conversion claims depended on the resolution of a substantial question of federal law, the Fourth Circuit relied on that federal common law governs a SFIP's interpretation and that federal law governs disputes arising out of the handling of claims. Moreover, the Fourth Circuit recognized that the conversion claim was "essentially a breach of contract claim." Battle v. Seibels Bruce Ins. Co., 288 F.3d at 608. In this case, however, Allstate never issued a SFIP, and, thus, there is no dispute arising from the handling of the claim under the SFIP. Instead, the Roybals seek damages against the Defendants for their failure to procure the policy in the first instance. Thus, unlike in Battle v. Seibels Bruce Insurance Co., federal question jurisdiction does not exist in this case. Allstate has not carried its burden of establishing federal question jurisdiction, and, accordingly, the Court does not have subject matter jurisdiction based on a federal question under 28 U.S.C. § 1331.

## II. THE COURT DOES NOT HAVE ORIGINAL EXCLUSIVE JURISDICTION UNDER 42 U.S.C. § 4072.

The Court also does not have original exclusive jurisdiction under 42 U.S.C. § 4072. The parties did not present to the Court, and the Court did not locate, any case law from the United States Court of Appeals for the Tenth Circuit which addresses whether a cause of action under § 4072 lies against a WYO or whether it is limited to suits against FEMA's director. This Court, however, need not decide this question of first impression in this Circuit. Instead, the Court concludes that § 4072 does not apply to this case because there was no SFIP and, thus, no dispute arising from the handling of the claim under a SFIP.

42 U.S.C. § 4072 confers original exclusive jurisdiction on federal courts on actions in which a claimant challenges the amount FEMA's director authorizes to be paid under the NFIP. Here, however, there could be no claim under SFIP because no policy was ever procured. Thus, § 4072 is not a basis for jurisdiction over this matter.

FEMA's amendment in 2000 strengthens this conclusion. The amendment's purpose was to clarify that federal law governs the interpretation of SFIP claims, "including issues relating to and arising out of claims handling." 65 Fed. Reg. 60758, 60767 (2000). Here, of course, there was no SFIP procured and, thus, there was never any SFIP claim to be handled or subsequently challenged. Moreover, article 7(R), requires that suit be brought in federal court for "any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy." 44 C.F.R. Pt. 61, App. A(1), Art. 7(R). Again, with no policy, there can be no claim arising out of the handling of the claim under that policy. See also 44 C.F.R. Pt. 61, App. A(3), Art. 10. ("This policy and all disputes arising from the handling of any claim under the policy are governed

exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001 et seq.), and Federal common law.")(emphasis added).

**IT IS ORDERED** that Plaintiffs Chris and Edwina Roybals' Motion to Remand for Lack of Subject Matter Jurisdiction is granted and the case and all claims are remanded to the First Judicial District, County of Rio Arriba, State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Gerald A. Coppler
Coppler & Mannick, PC
Santa Fe, New Mexico

    *Attorney for the Plaintiffs*

Paul G. Bardacke
Mark E Chaiken
C. Shannon Bacon
Eaves, Bardacke, Baugh, Kierst & Larson
Albuquerque, New Mexico

    *Attorneys for Defendant Los Alamos National Bank*

George R. McFall
Jennifer A. Noya
Modrall, Sperling, Roehl, Harris & Sisk
Albuquerque, New Mexico

*- and -*

Gerald J Nielsen
Thomas C Pennebaker
Neilsen Law Firm, LLC
Metairie, Louisiana

    *Attorneys for Defendant All State*

Joseph B. Wosick
Yenson Lynn Allen & Wosick, PC
Albuquerque, NM

    *Attorney for Defendant Dennis Rivera*